UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: GREGORY ANDREW STRANGER

---

GREGORY ANDREW STRANGER,

    Appellant,

v.                                             Case No:  2:15-cv-275-FtM-38

ELIZABETH ROSS,

    Appellee.
_____/

## ORDER[1]

This matter comes before the Court on the Appellee, Elizabeth B. Ross's Motion to Dismiss Appeal for Failure to Timely File Initial Brief (Doc. #4) filed on August 10, 2015. No response has been file by the Appellant, Gregory Andrew Stranger, and the time to do so has expired.

## BACKGROUND

Ross and the Appellant began a business relationship in California in 2006. In 2008, Ross filed suit against the Appellant in the Superior Court of the State of California in and for Marin County, alleging the Appellant had committed fraud by intentional misrepresentations. In August of 2010, the jury awarded Ross $969,849.73 in actual

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

damages and $1,500,000.00 in punitive damages.  The California State Court then awarded Ross $2,483,281.82.  Appellant appealed the judgment in California Court of Appeals, First Appellate District, Division Two. Appellant subsequently lost his appeal and the judgment award of $2,483,281.82 was upheld by the California Appellate Court.

On April 28, 2011, the Appellant filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida.  On September 23, 2011, Ross filed an adversary proceeding complaint in the United States Bankruptcy Court for the Middle District of Florida Ross v. Stranger, 11-ap-1115 FMD.  Ross filed a two (2) Count Complaint pursuant to Fed R. Bankr. P. 7001(4), (6) and (9) seeking a determination that the debt owed by Appellant to Ross was non-dischargeable. Count I asserts a claim pursuant to 11 U.S.C. § 523(a)(2)(A) (false pretenses, false representations or actual fraud) and Count II asserts a claim pursuant to 11 U.S.C. § 523(a)(6) (willful and malicious injury).

During the course of the adversary proceeding Ross filed a Motion for Summary Judgment which was subsequently granted by the Bankruptcy Court as to Count I on October 31, 2014. Ross, 11-ap-1115 (Doc. #125) (Amended Order).  Count II was voluntarily dismissed by Ross.  On February 2, 2015, the Bankruptcy Court issued the Final Judgment in the underlying adversarial proceeding holding that the judgment debt from the California Court case owed by Appellant to Ross was non-dischargeable .

The Appellant moved to appeal the Bankruptcy Court's Final Judgment.  Appellant filed his Notice of Appeal of the Bankruptcy Court's Final Judgment in the adversary proceeding with the bankruptcy clerk on April 7, 2015.  On June 30, 2015, the Bankruptcy Court served the Transmittal Record to this Court.  Ross received the Transmittal via

CM/ECF. Ross' Counsel promptly emailed same to Appellant so that he would immediately receive notice that the record had been transmitted. The Clerk of the Court also mailed copies of the Notice of docketing the bankruptcy appeal on June 30, 2015, at the Appellant's address provided by Appellant to this Court. In addition, Ross also sent a copy to Appellant via certified and regular U.S. mail at the address listed on the Transmittal, which is a post office box that Appellant has continually requested his mail be sent to. The Notice of Electronic Filing ("NEF") that Ross received from this Court also indicated that the Court e-mailed the document directly to Appellant at the same e-mail address that Ross' Counsel utilized. To date, Appellant has not filed his brief with the Court nor requested an extension of time. Because Appellant has not filed his brief, Ross moves to dismiss the appeal for failure to file a brief in compliance with Fed. R. Bankruptcy 8018(a)(1)and (4).

## DISCUSSION

Ross moves the Court to dismiss the Appellant's Appeal of the Bankruptcy Court's Final Judgment because the Appellant has failed to file his appeal brief in a timely manner.

Fed R. Bankr. P. 8018(a) states that the appellant must serve and file the initial brief "within 30 days after the docketing of the notice that the record has been transmitted." If an appellant fails to file a brief on time or within an extended time authorized by the district court or Bankruptcy Rules, an appellee may move to dismiss the appeal-or the district court or Bankruptcy Appellate Panel (BAP), after notice, may dismiss the appeal on its own motion. Reverse Mortgage Sols., Inc. v. Inmon, No. 8:15-CV-809-T-36, 2015 WL 6124049, at *2-3 (M.D. Fla. Oct. 16, 2015). An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants

permission. Fed. R. Bankr. P. 8018(a)(4). Failure to timely file briefs is "a non-jurisdictional defect in the prosecution of [an] appeal, and such defect does not require dismissal in every case." In re Daughtrey, No. 2:15-CV-29-FTM-29, 2015 WL 1268324, at *2 (M.D. Fla. Mar. 19, 2015) (In re Beverly Mfg. Corp., 778 F.2d 666, 667 (11th Cir.1985) (citations omitted) (alteration in original).   Nevertheless, the Eleventh Circuit has held that a debtor's failure to timely file an initial brief or otherwise prosecute his bankruptcy appeal is grounds for dismissal. Lawrence v. Educational Credit Management, Corp., 522 Fed. Appx. 836, 840 (11th Cir. 2013).

In Lawrence, the Appellant (debtor) failed to file his initial brief within the time limits imposed by Fed. R. Bankr. P. 8009(a)(1).  The Eleventh Circuit held that the district court did not abuse its discretion in dismissing Lawrence's bankruptcy appeal without first finding him in contempt.  Instead, the Eleventh Circuit found that, the district court did not need to make a finding of willful contempt; rather, a finding of "bad faith, negligence or indifference" was sufficient. Lawrence, 522 Fed. Appx. at 839-40 (citing Brake, 778 F.2d at 667).

The Eleventh Circuit found that standard was met in light of Lawrence's nearly "complete failure to take any steps" to prosecute his bankruptcy appeal before the district court. Lawrence, 522 Fed. Appx. at 839-40.  The Eleventh Circuit noted that Lawrence never inquired about the status of his appeal or file any documents to perfect the appeal. Instead, the record demonstrated that Lawrence did not (1) inquire as to the status of his appeal in the more than five months between the time that he served the Notice on ECMC and the date of the district court's order of dismissal; (2) request an extension of time to file his initial brief; or (3) take any other action to prosecute his appeal. Id.

Likewise, the Appellant in this case has failed to file a brief, request an extension of time pursuant to Fed. R. Bankr. P. 9006, or inquire in any way to this Court about his appeal. The Bankruptcy Record was filed with this Court on June 30, 2015, as well as the Notice of Docketing the Bankruptcy Record. (Doc. #1 and 2). As such, Appellant's brief was due on July 30, 2015. Fed R. Bankr. P. 8018(a)(1). A total of 144 days have passed since the date of the Bankruptcy Record and Notice being filed without any filings from the Appellant. Further a review of the Bankruptcy Court's Docket Sheet demonstrates Appellant repeatedly failed to file motions and replies in a timely manner in the adversarial proceeding below. In fact, at one point in the proceeding, the Bankruptcy Court entered a clerk's default, which was later removed, for Appellant's failure to respond.

The particular circumstances in this case demonstrate sufficient indifference and consistent dilatory conduct on the part of the Appellant, that dismissal for failure to file a brief is due to be granted. Thus, in light of the Appellant's failure to prosecute his own appeal and file an initial appellant brief, the Court finds good cause to grant Ross' Motion to Dismiss, the appeal.

Accordingly, it is now

**ORDERED:**

The Appellee, Elizabeth B. Ross's Motion to Dismiss Appeal for Failure to Timely File Initial Brief (Doc. #4) is **GRANTED**.

1. Appellant Gregory Andrew Stranger's Appeal of the Bankruptcy Court's Final Judgment is hereby **DISMISSED**.

2. The Clerk shall enter judgment accordingly, transmit a copy of this Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of November, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record